UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDIE ALONZO JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03CV1294 JCH |
| ) | |
| JILL MCGUIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Eddie Jones' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). The matter is fully briefed and ready for disposition.

On June 16, 2000, a jury in Circuit Court of the County of St. Louis, Missouri, found Petitioner guilty of one count of possession of a controlled substance with intent to deliver, and two counts of possession of a controlled substance. (§ 2254 Motion, Doc. No. 1, at 3). The trial court sentenced him to thirteen years imprisonment for the possession with intent to deliver and two one-year terms of imprisonment for the possession counts, to be served concurrently. (Respondent's exh. 10 ("Order on Direct Appeal"), at 1). On July 19, 2001, the Missouri Court of Appeals affirmed Petitioner's conviction. (Id.). Petitioner is currently released on parole. (Doc. No. 10).

In his § 2254 petition, filed September 10, 2003, Petitioner raises the following three grounds for relief:

(1) Petitioner was convicted with evidence obtained with a search warrant based on an affidavit that contained statements that were deliberately false and in reckless disregard for the truth;

(2) Petitioner's conviction was based on trial testimony that contradicted testimony at the suppression hearing and the affidavit; and

(3) Petitioner received ineffective assistance of both trial and appellate counsel for their failure to properly challenge, object to, and preserve for appellate review the alleged violations.

On November 5, 2003, Respondent filed her Response. (Doc. No. 7). On January 5, 2004, Petitioner filed his Traverse. (Doc. No. 8). The Court will address each ground for relief in turn.

## DISCUSSION

A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is entitled "'to relief on federal habeas corpus only upon proving that [his] detention violates . . . fundamental liberties . . . safeguarded against state action by the Federal Constitution.'" Wessling v. Bennett, 410 F.2d 205, 209 (8th Cir. 1969) (quoting Townsend v. Sain, 372 U.S. 293, 312 (1963)). "'[I]t is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions.'" Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). Rather, a federal court is limited "'to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" Id.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, 110 Stat. 1214, made numerous changes to Title 28, Chapter 153 of the United States Code, 28 U.S.C. §§ 2241-2255, the chapter governing federal habeas petitions. Specifically, in Section 104 of the AEDPA, Congress added new subsection (d) to 28 U.S.C. § 2254. That subsection provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000)(citing Williams v. Taylor, 529 U.S. 362 (2000)); see also Ramdass v. Angelone, 530 U.S. 156 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies that correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 529 U.S. at 412. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court] was objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. Id. at 1522.

**Exhaustion**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may

still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

In **Ground 2**, Petitioner asserts that he was convicted based on testimony that was contradicted in the hearing on the motion to suppress and in the search warrant affidavit. Petitioner failed to raise this claim in his Rule 29.15 motion for post-conviction relief. A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d at 53 (citing Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). Because Petitioner has failed properly to raise the claim in state court proceedings, the claim is defaulted and he is procedurally barred from pursuing it here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). This Court therefore cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has neither asserted nor shown cause for or prejudice as a result of his failure to raise this claim before the post-conviction motion court. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause

and prejudice. Schlup v. Delo, 513 U.S. 298 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Ground 2 of the instant petition is therefore procedurally defaulted and will be denied.

**Non-Cognizable Claims**

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a federal petition for writ of habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991). This Court may only review Petitioner's Fourth Amendment claims to determine whether the "State has provided an opportunity for full and fair litigation" of those claims. Stone v. Powell, 428 U.S. 465, 494 (1976). If the State did provide this opportunity, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. Petitioner's Fourth Amendment claims are "unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir.1994) (en banc).

In **Ground 1**, Petitioner challenges the validity of the search warrant in his case. The Court notes, however, that this issue was addressed by the Missouri Court of Appeals in the appeal from denial of post-conviction relief. Petitioner asserts that there was an "unconscionable breakdown in the system" (Traverse, Doc. No. 8, at 3), but provides nothing to support this. As Petitioner had a

full and fair opportunity to challenge the constitutionality of the search and seizure in state court, his request for habeas corpus relief on this claim is denied

**Claims Addressed on the Merits**

In **Ground 3** for relief, Petitioner alleges that he received ineffective assistance of counsel both at the trial and appellate levels. He asserts that their "failure to properly challenge, object to, and preserve for appellate review the affidavit's false statements and reckless disregard for the truth prejudiced his defense, and that this prejudice denied his [ability] to move [to] suppress the physical evidence, as well as to make the showing necessary to rebut the presumption the affidavit was truthful." (§ 2254 Motion, Doc. No. 1, at 7).

Petitioner raised this claim before the 29.15 motion court, which held as follows:

FINDINGS OF FACT

17. [Petitioner] alleges ineffective assistance of counsel ... because of trial counsel's failure to properly challenge, object to and preserve for appellate review the claim that the affidavit, upon which the search warrant based, contained statements that were materially false and in reckless disregard for the truth. [Petitioner] alleges that Patricia Daugherty's, the forensic scientist, testimony from that trial that she never tested any substances before February 11, 1998, contradicted the search warrant affidavit and that Detective Ostendorf's testimony during the suppression hearing that she did not personally interview the confidential informant contradicted the statements on the search warrant affidavit.

18. The record clearly refutes [Petitioner's] claim of ineffective assistance of counsel.

19. Counsel for [Petitioner] objected and then requested that the Court allow him to have a continuing objection to the admission of the controlled substances discovered during the search of [Petitioner's] residence. ... The Court overruled the objections, but allowed that objection to be a continuing one. ... [Petitioner] faults trial counsel for not properly preserving for appeal the objection to admission of the fruits of the executed search warrant. Contrary to [Petitioner's] claim, that the trial counsel did make a continuing objection to the fruits of the executed search warrant and that objection was preserved. The record clearly shows that there was not deficient performance on the part of trial counsel and that [Petitioner] was not prejudiced.

20. The record also clearly refutes [Petitioner's] allegations that Forensic Scientist Daugherty and Detective Ostendorf's testimony during the motion to suppress and trial contradicted statements made in the search warrant affidavit.

...

23. ... [Petitioner] alleges that Appellate counsel was ineffective for failing to appeal the Trial Court's denial of the motion to suppress physical evidence where the warrant affidavit contained material falsehoods. Specifically, [Petitioner] claims appellate counsel was ineffective for not raising the veracity issues with the search warrant affidavit he raises [in his motion.]

24. The record clearly refutes [Petitioner's] claim of ineffective assistance of counsel.

25. [Petitioner] has mischaracterized the testimony of Detective Ostendorf and Forensic Scientist Daughterty. The statements in the search warrant affidavit and their testimony at the suppression hearing and at trial contain neither any material falsehoods, nor [are they] in reckless disregard for the trust. Raising this issue on appeal would have been meritless as these alleged contradictions do not exist.

## CONCLUSIONS OF LAW

4. To prove ineffective assistance of counsel, the [Petitioner] must prove two components: (1) deficient performance, in that the defense counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) prejudice, specifically that [Petitioner's] defense was prejudiced by his counsel's poor performance. State vs. Hall, 982 S.W.2d 675, 680 (Mo. Banc 1998).

5. If [Petitioner] fails to show either deficient performance or prejudice the other component need not be address by the Court. Baugh vs. State, 870 S.W.2d 485, 490 (Mo. App. E.D. 1994).

...

8. Trial "counsel is not ineffective for failing to make a nonmeritorious objection." State vs. Smith, 989 S.W.2d 223, 225 (Mo. App. E.D. 1999).

10. [Petitioner's] claims are clearly refuted by the record.

11. [Petitioner] was not denied any rights under the provisions of the Missouri Constitution or the United States Constitution.

> 12. [Petitioner] has failed to establish any basis in law to have his sentence vacated, set aside, or corrected.

(29.15 Order, Respondent's exh. 5, at 79).

The Missouri Court of Appeals affirmed the 29.15 Motion Court. (Order, Respondent's exh 16, at 6).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254. Upon review, this Court finds that the opinions of the 29.15 Motion Court and the Missouri Court of Appeals did not result in a decision contrary to clearly established federal law. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (in reviewing the sufficiency of the evidence, the Court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (citation omitted); Gibbs v. Kemna, 192 F.3d 1173 (8th Cir. 1999); Bounds v. Delo, 151 F.3d 1116, 1118-19 (8th Cir. 1998). Further, the Court's review of the record demonstrates that the Missouri Court of Appeals' decision was not based on an unreasonable determination of the facts in light of the evidence presented. Petitioner's third claim for relief will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 27th day of March, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE